UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELO FALCE,

    Plaintiff,

v.                                          CASE NO.:

C & N DO, INC.,
d/b/a LITTLE ITALY
RESTAURANT,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Angelo Falce, by and through undersigned counsel, hereby brings this action against Defendant, C & N Do, Inc., d/b/a Little Italy Restaurant, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Osceola County which is in this district.

### PARTIES

4. Plaintiff is a resident of Osceola County, Florida.

5. Defendant operates a restaurant in Kissimmee, in Osceola County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

## FACTS

12. Plaintiff began working for Defendant in January 2019 as a General Manager.

13. In January 2022, Plaintiff became sick and went to the hospital. Plaintiff was diagnosed with prostate issues and other medical issues related to his prostate and his inability to urinate.

14. Plaintiff informed Defendant of his illness, its severity, and requested time off from work to get treatment and care for himself. Defendant agreed allowed Plaintiff to miss work for about a week.

15. Plaintiff returned to work with no restrictions but fell ill again and required additional time off work, as he was admitted back to the hospital. Defendant was aware of Plaintiff being in the hospital for a second time.

16. On or about February 5, 2022, Plaintiff requested an accommodation, in the form of additional time off from work, so that he can have testing done as part of his medical treatment.

17. On or about February 6, 2022, Defendant denied Plaintiff's accommodation request and in retaliation for requesting accommodation, Plaintiff was terminated.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

18. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 6-10, and 12-17 of this Complaint, as though fully set forth herein.

19. Plaintiff is a member of a protected class under the ADA.

20. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

21. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations and terminated Plaintiff for requesting accommodations.

22. Defendant's actions were willful and done with malice.

23. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

24. Plaintiff realleges and readopts the allegations of Paragraphs 1-5, 6-10, and 12-17 of this Complaint, as though fully set forth herein.

25. Plaintiff is disabled, or was perceived by Defendant as being disabled.

26. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and immediately thereafter terminated his employment.

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issues and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of law enumerated herein;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

 f) Compensatory damages, including emotional distress, allowable at law;

 g) Punitive damages;

 h) Prejudgment interest on all monetary recovery obtained;

 i) All costs and attorney's fees incurred in prosecuting these claims; and

 j) For such further relief as this Court deems just and equitable.

## **COUNT III – ADA RETALIATION**

29. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 6-10, and 12-17 of this Complaint, as though fully set forth herein.

30. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

31. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

32. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

33. Defendant's actions were willful and done with malice.

34. The adverse employment action that Defendant took against Plaintiff was material.

35. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

36. Plaintiff realleges and readopts the allegations of paragraphs 1-5, and 11-17 of this Complaint, as though fully set forth herein.

37. Plaintiff is a member of a protected class under the FCRA.

38. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

41. Plaintiff realleges and readopts the allegations of paragraphs 1-5 and 11-17 of this Complaint, as though fully set forth herein.

42. Plaintiff has a handicap or was perceived by Defendant as having a handicap.

43. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

44. Defendant's actions were willful and done with malice.

45. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the law enumerated herein;

<ol type="a" start="4">
<li>Compensation for lost wages, benefits, and other remuneration;</li>
<li>Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;</li>
<li>Compensatory damages, including emotional distress, allowable at law;</li>
<li>Punitive damages;</li>
<li>Prejudgment interest on all monetary recovery obtained;</li>
<li>All costs and attorney's fees incurred in prosecuting these claims; and</li>
<li>For such further relief as this Court deems just and equitable.</li>
</ol>

## COUNT VI – FCRA RETALIATION

46. Plaintiff realleges and readopts the allegations paragraphs 1-5 and 11-17 of this Complaint, as though fully set forth herein.

47. Plaintiff is a member of a protected class under the FCRA.

48. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

49. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

50. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation.

51. Defendant's actions were willful and done with malice.

52. Defendant took material adverse action against Plaintiff.

53. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 27th day of February, 2023.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **Wenzel Fenton Cabassa, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**